# Commonwealth of Pennsylvania *v.* Victor Z. Kohler and Marcus B. Unangst, Appellants (No. 2).

*Criminal law—False pretense — Material misrepresentations — Evidence.*

In the trial of an indictment for cheating and defrauding by false pretense, a verdict of guilty will be sustained, where the evidence on the part of the Commonwealth established that the defendants had pretended that a certain mortgage was a lien upon a certain dwelling house which was described by them, whereas the mortgage in fact was a lien on a vacant lot, and that the defendants had, upon the delivery of the mortgage, obtained a check for $7,000 which they subsequently cashed.

Argued December 1, 1924.   Appeal, Nos. 246 and 247, Oct. T., 1924, by defendants, from judgment of Q. S. Lehigh Co., Oct. Sessions, 1922, Nos. 128 and 129, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Victor Z. Kohler and Marcus B. Unangst. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Indictment for false pretense.   Before ARIRD, P. J., 37th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendants appealed.

*Errors assigned* were various rulings on evidence, charge of the court, answers to points, and refusal of motion in arrest of judgment.

*Dallas Dillinger, Jr.,* for appellant.

*Orrin E. Boyle,* District Attorney, for appellee.

OPINION BY PORTER, J., February 27, 1925:

Two indictments charging the defendants with cheating and defrauding by false pretenses were tried at the same time and resulted in convictions of both defendants. The defendants took joint appeals from each of the said convictions. The attention of counsel was at the argument called to the fact that the judgments against the defendants were separate and distinct and that they could not take joint appeals; counsel for the appellants then moved to amend the record by striking therefrom the name of Unangst as an appellant, so that the judgments of the court below against him remain unchallenged, and we have here to consider only the appeals of Kohler. The false pretense charged in the first count of one of the indictments was that the defendants had falsely pretended that a certain mortgage was a lien upon a certain dwellinghouse located on south West St., Allentown, which dwellinghouse was described to the prosecutors by the said defendants, and which mortgage the said defendants then and there delivered unto the prosecutors, and obtained therefor from them their signatures to a certain written instrument, to wit, a check drawn on the Second National Bank of Allentown, dated November 20, 1920, made payable to the order of Harry A. Butterweck, in the sum of $7,000; whereas, in truth and in fact, the said mortgage was not a lien upon said dwellinghouse so described, but upon a vacant lot known as No. 225 south West St., Allentown; and that the said defendants then and there well knew the said pretense and pretenses to be false. The second count of this indictment charged the same false pretense, and that thereby the defendants obtained a valuable security, to wit, a check for the sum of $7,000, describing the check in the same manner as in the first count; and the third count charged the same false pretense and the obtaining thereby of the sum of $3,500. These counts were but different forms of stating the same offense; by the same false pretense obtaining the signatures of the pros-

ecutors to a written instrument; to obtaining a valuable security (the same written instrument) and to obtaining the money realized when the check was paid. The other indictment charged the same false pretense made with regard to a different mortgage, which was in fact a mortgage upon a vacant lot No. 223 south West St., Allentown; it contained three counts drawn in the forms stated in the description of the indictment above referred to, and charged the obtaining of the signatures of the prosecutors to a check in the sum of $7,000, the description of which was identical with that above referred to. It is possible that if these indictments had been tried separately a conviction upon one might have constituted the foundation for a good plea in bar to prosecution upon the other. But the record discloses that the defendants agreed that the cases should be tried jointly. No assignment of error raises any question as to the propriety of sentencing the appellant upon the verdict of guilty in each of the indictments. The record as printed by the appellant does not disclose what the sentences were; so far as we are informed by the brief and record the sentence was only such as might be imposed after a verdict of guilty on either of the indictments.

The representation that a mortgage is upon a lot upon which a dwellinghouse is erected is undoubtedly material when the value of the mortgage is to be considered, and a false representation of such a fact, intentionally made, is undoubtedly such a false pretense as is contemplated by the statute. The first count of the indictment charged the obtaining from the prosecutors of "their signatures to a certain written instrument, to wit, a check drawn on the Second National Bank of Allentown," etc. while the evidence disclosed that the signatures of both Ralph H. Kerr and Emma A. Kerr were made by Emma A. Kerr. The appellant contends that this constituted a variance and that the court ought to have directed a verdict of not guilty upon that ground.

COM. *v.* KOHLER & UNANGST, Appel. (No. 2). 307

304, (1925).]          Opinion of the Court.

This contention is not well founded. The indictment does not charge that the signature of Ralph H. Kerr was made by his own hand. The evidence established that the check was paid and, in the absence of evidence to the contrary, it must be assumed that Emma A. Kerr was authorized to sign the name of Ralph H. Kerr. But further the second count of the indictment charged that the valuable security obtained was "a check drawn on the Second National Bank of Allentown," etc., without stating by whom the check was signed, and the defendants went to trial without objecting to the sufficiency of this count in the indictment. The evidence established that the check was drawn on the Second National Bank of Allentown, and it was paid. The securing of a signature to a check by false pretenses is the obtaining of the signature of a person to a written instrument within the meaning of the statute, and the obtaining, by like false pretenses, of a check, certainly when such check is upon presentation paid, is an obtaining of a valuable security. These are the only questions properly raised by the assignments of error and the latter must be overruled.

The judgments are affirmed and the record is remitted to the court below, and it is ordered that the defendant, Victor Z. Kohler, appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeals in this case were made a supersedeas.